In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE, Respondent, against NU-ART ADVERTISING COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

(Argued April 15, 1936; decided May 19, 1936.)

*John J. Bennett, Jr.,* Attorney-General (*Roy Wiedersum* and *Henry Epstein* of counsel), for appellant.

*Alfred T. Tompkins* and *Charles J. Gardella* for Nu-Art Advertising Company et al., respondents.

114

O'BRIEN, J.   While Charles A. Baker was employed as a plate resurfacer by the Nu-Art Advertising Company in September, 1931, he contracted benzol poisoning, which is an occupational disease enumerated in section 3, subdivision 2, of the Workmen's Compensation Law (Cons. Laws, ch. 67).   He became disabled in June, 1932, as a result of that disease and died in January, 1933.   He had ceased to be an employee of Nu-Art in November, 1931, but became a partner in the firm of Parazin Printing Plate Company for which he performed the same kind of work.   On the dates of his disablement and death he was not employed by any one but was a member of a partnership.   The State Industrial Board, acting under the provisions of section 44 and section 15, subdivisions 8 and 9, of the Workmen's Compensation Law, made an award against Nu-Art Advertising Company and the insurance carrier.   The Appellate Division, by a divided court, reversed the award and dismissed the claim.

Section 3, subdivision 2, provides that compensation shall be payable for disabilities sustained or death incurred by an employee resulting from any of the occupational diseases listed in the statute, and section 38 provides that the disablement of an employee resulting from any of these occupational diseases shall be treated as the happening of an accident within the meaning of the statute except as specifically otherwise provided therein.   This is the language of section 44: " The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted.   *   *   *."   The majority of the Appellate Division decided that this section is applicable only to one who at the time of his disablement was an employee and that, inasmuch as Baker at such a time had ceased to be an employee of Nu-Art or any other employer and had become a partner in Parazin Printing Plate Company, there was no employer liable.   An argument in support

of that decision is not without considerable force, but viewing the Workmen's Compensation Law as a remedial statute and entitled as such to a liberal interpretation, we adopt the principle that a person who has been employed in an occupation in which he was subject to contraction of a disease described in the statute and who, while so employed has contracted the disease but does not become disabled until a time when he is no longer an employee, is entitled to recover compensation from the employer who last employed that person in the employment to the nature of which the disease was due. Otherwise there would be no remedy and we are reluctant to believe that the Legislature contemplated such a result. The word " employee " as used in section 44, we think was intended to describe a person who was employed at the time he contracted the disease rather than at the time he became disabled.

The order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order reversed, etc.