■ In the Matter of the Claim of ALESSANDRO MIRANDA, Respondent, v. O. C. PIZZA Co. et al., Appellants, and SECURITY MUTUAL INSURANCE COMPANY OF NEW YORK et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the United States Fidelity & Guaranty Company from a decision of the Workmen's Compensation Board. The claimant commenced working for the employer herein in April 1955. He was employed as a baker and worked in an atmosphere of flour dust. The claimant first developed symptoms of bronchial asthma in March 1962. On March 2, 1962, he consulted Dr. Suriano, his family physician, who diagnosed his condition as bronchial asthma, and, on March 12, 1962, signed claimant's claim for disability benefits stating therein that this disability was not an

occupational disease. On March 26, 1962, he returned to work and, on May 14, 1962, the claimant was disabled with a non-related bladder condition. The claimant returned to work in September 1962, and quit work on October 8, 1963 by reason of difficulty in breathing. He filed an occupational disease claim for bronchial asthma in November, 1963. Dr. Suriano did not testify at the hearing and his report of March 12, 1962 was received in evidence without objection. Dr. Dorfman, who examined the claimant in 1964, testified that the October, 1963 asthma attack was employment related, due to continuing exposure to flour dust. He could not say that the March, 1962 asthma attack was employment related, and could only assume that Dr. Suriano's diagnosis was correct; but Dr. Suriano, of course, had examined prior to the time that improvement in the asthmatic condition was demonstrated after claimant had been away from the work environment for a period of four months because of a nonrelated urological condition. The Workmen's Compensation Board determined that the date of claimant's disablement was March 2, 1962. The appellant was the employer's carrier in March 1962, but not in October 1963, and contends that there is no substantial evidence in the record to support the board's determination that the date of disablement was March 2, 1962. There is no competent medical evidence in the record that claimant's disabling asthma attack of March, 1962 was employment connected. In the absence of any substantial evidence to support the board's determination, the decision of the board must be reversed. It may be possible to develop the record further upon remittal. Decision reversed, and case remitted, with costs to appellants against respondent carriers. Gibson, P. J., Herlihy and Reynolds, JJ., concur with Staley, Jr., J.