730

■ In the Matter of the Claim of JOSEPH MCMANUS, Respondent, v. RHEINGOLD BREWERIES, INC., et al., Appellants, and RHEINGOLD BREWERIES, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the first of two successive carriers from a decision which awarded compensation for disability due to Dupuytren's contracture, which was first diagnosed and found permanently disabling upon medical examination had January 9, 1965, nine days after claimant retired from his employment, apparently for reasons unrelated to his disease. Appellant carrier was on the risk on and before the date of claimant's retirement, but asserts that respondent carrier, whose policy became effective next day and continued beyond the date of disablement, found by the board to be January 9, 1965, should be responsible inasmuch as the disablement must be treated as the happening of an accident occurring that day (Workmen's Compensation Law, § 38) and within the term of respondent's policy. Considering the nature of the disease, it is doubtless true that claimant was as completely disabled on the day that he left the employ as he was nine days later but we need not remit for further development of this factual issue, as we will not disturb the board's holding respondent carrier free from liability, in the absence of any "injurious exposure during this carrier's period of coverage." (*Matter of Bakke* v. *Bushey & Son,* 5 A D 2d 909; *Matter of Lumsden* v. *Despatch Shops,* 5 A D 2d 242; see, also, *Matter of Commissioner of Taxation & Fin.* v. *Nu-Art Adv. Co.,* 271 N. Y. 112; and cf. *Matter of Carroll* v. *New York Racing Assn.,* 12 A D 2d 869, affd. 11 N Y 2d 890.) Decision affirmed, with costs to respondent carrier. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam.*