■ In the Matter of the Claim of JAMES POLIFRONI, Respondent, v DELHI STEEL CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 777]—

Kane, J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 8, 2006, which denied the workers' compensation carrier's request for apportionment among certain of claimant's prior employers pursuant to Workers' Compensation Law § 44, and (2) from a decision of said Board, filed November 21, 2006, which denied the workers' compensation carrier's request for reconsideration or full Board review.

Beginning in November 1999, claimant was employed by Delhi Steel Corporation as a metal fabricator and welder. In January 2004, claimant complained to Delhi Steel of wrist pain, which led to the eventual establishment of workers' compensation claims for the occupational disease of carpal tunnel syndrome for both wrists. During the proceedings, Delhi Steel's workers' compensation carrier raised the issue of apportionment under Workers' Compensation Law § 44. The Workers' Compensation Law Judge (hereinafter WCLJ) reserved on that issue, choosing not to determine the contracting date for claimant's occupational disease, place claimant's previous employers on notice or schedule hearings on that issue until the issue of permanency for the left wrist was decided. The carrier then appealed the WCLJ's decision to reserve on the issue of apportionment to the Workers' Compensation Board. Finding "no basis for an apportionment of claimant's disability," the Board modified the decision of the WCLJ. The carrier now appeals the Board's decision and its subsequent denial of the carrier's application for full Board review.

Because the Board blurred the distinction between the contraction of claimant's occupational disease and his resulting disablement, we now reverse. As is pertinent here, Workers' Compensation Law § 44 states that when a claimant's disability due to an occupational disease is established and benefits are awarded, "[t]he total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease . . . was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation . . . may appeal to the board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due." Among other things, this provision permits apportionment between the most recent liable employer—against whom the full award is recoverable—and all other liable previous employers (*see Matter of Fama v P & M Sorbara*, 29 AD3d 170, 171-172 [2006], *lv dismissed* 7 NY3d 783 [2006]; *Matter of Doherty v Grow Constr. Co.*, 14 AD2d 957, 958 [1961], *lv denied* 11 NY2d 641 [1962]). Importantly, liability under this provision is premised upon employment at the time of or following the contraction of the compensable occupational disease, not upon the disablement that ensues (*see Matter of Commissioner of Taxation & Fin. v Nu-Art Adv. Co.*, 271 NY 112, 115 [1936]; *Matter of Doherty v Grow Constr. Co.*, 14 AD2d at 957-958).

Here, in reaching its conclusion that there was no basis for apportionment, the Board reasoned that "[t]he record does not include any medical evidence prior to February 19, 2004 that the claimant was *disabled* due to carpal tunnel syndrome. The record . . . indicates that the claimant had worked for the employer herein since 1999 and that he did not complain of any disability until 2004. There is no evidence in the record that the claimant was *disabled from work* due to this condition prior to his employment with the employer herein which could support a finding that the claimant had contracted this occupational disease while employed with a former employer" (emphasis added). The Board focused on claimant's lack of prior disablement from work, as opposed to evidence concerning the timing of his contraction of carpal tunnel syndrome. This reasoning resulted in a misapplication of Workers' Compensation Law § 44. Simply put, disability while employed by a previous employer is not a prerequisite to a finding that a claimant contracted an occupational disease while employed by that employer (*see Matter of Commissioner of Taxation & Fin. v Nu-Art Adv. Co.*, 271 NY

at 115). Furthermore, Workers' Compensation Law § 44 clearly embraces apportionment under circumstances where a claimant contracted an occupational disease while employed by one or more liable former employers in a given field which ultimately results in disablement during or following employment by a liable subsequent employer in the same field (*see Matter of Fama v P & M Sorbara*, 29 AD3d at 171-172; *cf. Matter of Commissioner of Taxation & Fin. v Nu-Art Adv. Co.*, 271 NY at 115). Accordingly, the Board's decisions must be reversed.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.