■ In the Matter of the Claim of ROGER WALTON, Claimant, v LIN-DOT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [926 NYS2d 183]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed January 8, 2010, which denied the workers' compensation carrier's request for apportionment among claimant's prior employers pursuant to Workers' Compensation Law § 44.

Claimant, a plumber and pipe fitter with more than 20 years of experience, began working for Lin-Dot (hereinafter the employer) in March 2003, when he developed pains in his neck and was subsequently diagnosed with cervical stenosis. Claimant ceased working for the employer in August 2003 and, after he underwent surgery for this condition in 2004, filed a claim for workers' compensation benefits. A claim was later estab-

lished on his behalf for an occupational disease, and the employer's workers' compensation carrier sought to apportion responsibility for the claim among his prior employers (*see* Workers' Compensation Law § 44). A Workers' Compensation Law Judge denied the carrier's request and, upon review, the Workers' Compensation Board affirmed. The employer and carrier now appeal.

We affirm. In determining whether a claim should be apportioned between previous employers in the same field, the relevant focus is whether the claimant "contracted an occupational disease while employed by that employer" (*Matter of Polifroni v Delhi Steel Corp.*, 46 AD3d 970, 971 [2007]; *see* Workers' Compensation Law § 44; *see also Matter of Fama v P & M Sorbara*, 29 AD3d 170, 172-173 [2006], *lv dismissed* 7 NY3d 783 [2006]). Here, there is no dispute that claimant, prior to being employed by the employer, was asymptomatic for the injuries subsequently diagnosed to his neck and did not seek or receive any medical treatment for this condition while previously employed. While the carrier's expert offered an opinion that claimant's prior employment contributed to his condition and apportioned by percentage the responsibility each prior employer should have for this claim, the expert was unable to state when claimant actually contracted this disease or, in our view, articulate a rational basis for the percentages he allocated for each employer. More importantly, there is no objective medical proof that claimant's occupational disease was contracted during his prior employment and, as a result, the Board's determination that he contracted this disease while employed by the employer is supported by substantial evidence.

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.