■ In the Matter of the Claim of DAVID FAZZARY, Respondent, v SHEPARD NILES et al., Appellants, and BORG WARNER COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [931 NYS2d 920]—

McCarthy, J.

In November 2002, claimant began employment with Borg Warner Company (hereinafter the employer) and was assigned work that required repetitive movement of his neck and arms. In July 2003, claimant began experiencing pain in his neck and right shoulder. He eventually stopped working in July 2004. His claim for workers' compensation benefits was established for an occupational disease of the neck and shoulder. Thereafter, the employer raised the issue of apportionment, pursuant to Workers' Compensation Law § 44, with claimant's previous employer, Shepard Niles, where he had been employed for 28 years performing various manual labor tasks. A Workers' Compensation Law Judge denied the request for apportionment, but the Workers' Compensation Board reversed on that issue and continued the case to determine the amount of apportionment. Shepard Niles and its workers' compensation carrier appeal.

and that "this girl means it. She is the one who is going to jump out of your ambulance."

"In determining whether a claim should be apportioned between previous employers in the same field, the relevant focus is whether the claimant 'contracted an occupational disease while employed by that employer' " (*Matter of Walton v Lin-Dot*, 85 AD3d 1413, 1414 [2011], quoting *Matter of Polifroni v Delhi Steel Corp.*, 46 AD3d 970, 971 [2007]; *see* Workers' Compensation Law § 44). Although claimant was asymptomatic and was not treated for neck or shoulder pain while employed by Shepard Niles, liability for apportionment "is premised upon employment at the time of or following the contraction of the compensable occupational disease, not upon the disablement that ensues" (*Matter of Polifroni v Delhi Steel Corp.*, 46 AD3d at 971). Both Shepard Niles and the employer presented the reports of independent medical experts who examined claimant and reviewed his medical records. Each expert opined that claimant's prior employment with Shepard Niles was partly responsible for his cervical degenerative disease. These separate expert opinions were partly based on diagnostic testing, performed shortly after claimant began experiencing symptoms, showing a degenerative condition that the experts described as of a longstanding nature and related to claimant's job duties while employed by Shepard Niles (*compare Matter of Walton v Lin-Dot*, 85 AD3d at 1414). Considering this medical proof, substantial evidence supports the Board's determination that claimant contracted the occupational disease while employed by Shepard Niles, rendering apportionment appropriate.

Peters, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.