Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed July 9, 2012, which denied the workers’ compensation carrier’s request for apportionment among claimant’s prior employers pursuant to Workers’ Compensation Law § 44.
Claimant began working for the Town of Brutus (hereinafter the employer) as a court clerk in 2002. Prior to that, she had performed secretarial services for various employers, beginning in 1966. In 2004, claimant sought medical treatment, complaining of pain in her hands and a weak grip, and she was diagnosed with carpal tunnel syndrome. In 2007, she filed a claim for workers’ compensation benefits. Her claim was established as an occupational disease of the left wrist, with a date of disablement of October 1, 2007, and the claim was subsequently amended to include bilateral elbows and right carpal tunnel syndrome. She was awarded a 25% schedule loss of use of the left hand in 2010 and the employer’s workers’ compensation carrier sought apportionment of responsibility for liability of the claim with claimant’s two most recent prior employers, covering the years between 1987 and 2002 (see Workers’ Compensation Law § 44). A Workers’ Compensation Law Judge denied the carrier’s request, finding no medical evidence that claimant contracted her condition during her prior employment, and the Workers’ Compensation Board affirmed upon administrative review. The employer and the carrier appeal.
“In determining whether a claim should be apportioned between previous employers in the same field, the relevant focus is whether the claimant ‘contracted an occupational disease while employed by that employer’ ” (Matter of Walton v Lin-Dot, 85 AD3d 1413, 1414 [2011], quoting Matter of Polifroni v Delhi Steel Corp., 46 AD3d 970, 971 [2007]; accord Matter of Fazzary v Niles, 89 AD3d 1187, 1188 [2011]). Here, although claimant testified that she had experienced some symptoms of pain in her wrists during her previous employments, she did not seek or receive medical treatment for her condition until 2004. Further, while an independent medical examiner opined that “there appears to be a cause for apportionment” and recommended that the claim should be apportioned 75% to the employer and 25% to claimant’s previous employers, he did not opine as to when claimant contracted her condition and offered no objective medical proof in support of his findings (see Matter of Walton v Lin-Dot, 85 AD3d at 1414). Accordingly, the Board’s *1018 determination that claimant did not contract her condition while working for a previous employer is supported by substantial evidence and will not be disturbed.
Peters, EJ., Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.