■ In the Matter of the Claim of ANTHONY KUCZYNSKI, Respondent, v TRINITY FOUNDRY et al., Appellants, and KENNEDY VALVE/MCWANE INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [10 NYS3d 653]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 29, 2013, which ruled that ap-

portionment applied to claimant's workers' compensation award.

Claimant was employed at Kennedy Valve from 1978 to 1980, a foundry that was owned by ITT Grinnell during that time. During 1981 and 1982, claimant worked at Trinity Foundry and, in 1994, he returned to work for Kennedy Valve, which was then owned by McWane Inc. He had only worked for Kennedy Valve/McWane for one week when he injured his shoulder and never returned to work there. In 2004, he filed a claim for workers' compensation benefits, after being diagnosed with chronic obstructive pulmonary disease (hereinafter COPD). Following hearings where all three foundry employers appeared, a Workers' Compensation Law Judge found that claimant's COPD was related to his foundry work and established the claim.[1] None of the foundry employers appealed this determination. Kennedy Valve/McWane, as the most recent foundry employer, was found liable for the claim. Kennedy Valve/McWane thereafter raised the issue of apportionment of liability, pursuant to Workers' Compensation Law § 44, with the previous foundry employers. The Workers' Compensation Board ultimately apportioned liability for the claim to ITT Grinnell at 71%, Trinity at 28% and Kennedy Valve/McWane at 1%. Trinity and its workers' compensation carrier now appeal.[2]

We affirm. Pursuant to Workers' Compensation Law § 44, the liable employer may seek apportionment of the total compensation due among previous employers in the same field who employed the claimant "at the time of or following the contraction of the compensable occupational disease" (*Matter of Polifroni v Delhi Steel Corp.*, 46 AD3d 970, 971 [2007]; *see Matter of Fazzary v Niles*, 89 AD3d 1187, 1188 [2011]). Here, the only evidence presented as to when claimant contracted COPD was the report and testimony of Kennedy Valve/McWane's medical expert, who opined that claimant had contracted COPD by 1978. Although the expert further opined that

---

1. The Workers' Compensation Law Judge based his determination on the opinions of various medical experts that claimant's COPD was causally related to his foundry employment. He also found that medical treatment costs for claimant's disease should be apportioned as 25% related to foundry work and 75% related to claimant's history of smoking.

2. Subsequent to the Board's decision, Kennedy Valve/McWane informed the Board that claimant had died. Generally, the death of a party automatically stays litigation until a representative of that party has been substituted (*see* CPLR 1015 [a]; 1021)..Inasmuch, however, as claimant's death does not impact the issues raised on appeal, we will address the merits of the appeal (*see Adamec v Mueller*, 94 AD3d 1212, 1213 n 2 [2012], *lv denied* 20 NY3d 856 [2013]; *Matter of Giaquinto v Commissioner of the N.Y. State Dept. of Health*, 91 AD3d 1224, 1225 n 1 [2012], *lv denied* 20 NY3d 861 [2013]).

claimant's foundry work had only a minimal impact on his disease, we find that the Board's determination that claimant contracted COPD prior to his 1994 employment with Kennedy Valve/McWane and that liability for the claim should be apportioned between the foundry employers is supported by substantial evidence and it will not be disturbed (see *Matter of Fazzary v Niles*, 89 AD3d at 1188).

Peters, P.J., McCarthy and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.