*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    520796
_____

In the Matter of the Claim of
    MICHAEL SCUDERI,
                        Respondent,

        v

MAZZCO ENTERPRISES et al.,
                        Respondents,         MEMORANDUM AND ORDER
        and

JD CONSULTING LLC et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

                    _____


        William O'Brien, New York State Insurance Fund, Melville
(Peter J. Lampasona of counsel), for appellants.

        Stewart Greenblatt Manning & Baez, Syosset (Thomas A.
Lumpkin of counsel), for Mazzco Enterprises and another,
respondents.


                    _____


Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 1, 2014, ruling that apportionment applied to
claimant's workers' compensation award.

Claimant was employed as a union carpenter for several different employers from 1998 through 2009. JD Consulting LLC employed him in that capacity from 1999 through 2002. In 2010, claimant filed a workers' compensation claim for bilateral carpal tunnel syndrome caused by repetitive work. A Workers' Compensation Law Judge established the claim for an occupational disease and further ruled that claimant became disabled on June 25, 2010. The workers' compensation carrier for his last employer, Mazzco Enterprises, sought to apportion liability among claimant's prior employers pursuant to Workers' Compensation Law § 44. The Workers' Compensation Board ultimately found the date of contraction to be August 14, 1998 and apportioned 45% of the liability for the claim to JD Consulting and its workers' compensation carrier. JD Consulting and its carrier now appeal.

"In determining whether a claim should be apportioned between previous employers in the same field, the relevant focus is whether the claimant contracted an occupational disease while employed by that employer" (Matter of Walton v Lin-Dot, 85 AD3d 1413, 1414 [2011] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 44; Matter of Polifroni v Delhi Steel Corp., 46 AD3d 970, 971 [2007]). Claimant testified that he was not diagnosed with or treated for carpal tunnel syndrome until 2010, and he did not specify when that condition began to develop. Claimant complained of soreness in his hands throughout his time as a union contractor, but stated that the soreness came and went depending upon his daily work duties, described it as insignificant and never sought treatment for it prior to June 2010. Claimant acknowledged, in fact, that he could not recall when his true symptoms began. His treating physician did nothing to clarify the situation by recounting that claimant developed hand pain and numbness "over the last few years," and he failed to offer an opinion as to when claimant actually contracted carpal tunnel syndrome.

A reviewing court will not substitute its judgment for that of the Board, but it "will insist upon 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'" (Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 NY 65, 71 [1952], quoting Consolidated Edison Co. v National Labor Relations Bd., 305 US 197, 229

[1938]; see Matter of Russo v HRT, Inc. of Orange County, 246 AD2d 933, 934 [1998], lv denied 91 NY2d 815 [1998]).  Inasmuch as the limited evidence in the record before us cannot rationally lead to the date of contraction selected by the Board – and, indeed, would pose challenges to selecting any specific date of contraction – its determination is unsupported by substantial evidence and must be reversed (see Matter of Miranda v Pizza Co., 27 AD2d 675, 676 [1967]; see also Matter of Good v Town of Brutus, 111 AD3d 1016, 1017 [2013]; Matter of Walton v Lin-Dot, 85 AD3d at 1414).

In light of the foregoing, we need not address the remaining argument of JD Consulting and its carrier.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court