■ In the Matter of the Claim of ROBERT MANOCCHIO, Claimant, v ABB COMBUSTION ENGINEERING et al., Appellants, and ARROWPOINT CAPITAL, on Behalf of THOMAS O'CONNOR, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [54 NYS3d 198]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 30, 2015, which denied a request by the workers' compensation carrier for apportionment among claimant's prior employers pursuant to Workers' Compensation Law § 44.

Claimant worked as a boilermaker for over 30 years for various employers. On May 8, 1999, a chest X ray revealed the presence of pleural plaque consistent with the exposure to asbestos and, in September 1999, claimant filed a workers' compensation claim. A Workers' Compensation Law Judge ultimately established the claim for an occupational disease and found that the date of contraction of the disease was May 8, 1999. ABB Combustion Engineering, as the most recent employer involving asbestos exposure, was found liable for the claim. The workers' compensation carrier for ABB Combustion Engineering sought to apportion responsibility for the claim among claimant's prior employers (*see* Workers' Compensation Law § 44). The Workers' Compensation Law Judge denied the carrier's request and, upon review, the Workers' Compensation Board affirmed. ABB Combustion Engineering and the carrier (hereinafter collectively referred to as the carrier) now appeal.

We affirm. "In determining whether a claim should be apportioned between previous employers in the same field, the relevant focus is whether the claimant 'contracted an occupational disease while employed by that employer'" (*Matter of Walton v Lin-Dot*, 85 AD3d 1413, 1414 [2011], quoting *Matter of Polifroni v Delhi Steel Corp.*, 46 AD3d 970, 971 [2007]; *see* Workers' Compensation Law § 44). The record reflects that the results of a 1992 chest X ray of claimant were normal with no indication of pleural plaque. Claimant testified that he was not diagnosed or treated for pleural plaque until after the May 1999 X ray, and there is no proof in the record that he experienced any symptoms related to the disease prior to the diagnosis. The carrier's medical expert, who reviewed claimant's medical records in 2012, could not determine a contraction date, opining that the existence of pleural plaque reflects "asbestos exposure as having been present at some point in the past" but "[i]t doesn't tell us when and it doesn't tell us where and it does not typically cause clinical illness." The expert opined that the latency period between the exposure to asbestos and the manifestation of a related disease "would suggest that, in fact, the vast majority of the causal factors for the pleural plaques were significantly before 1999." As a result, the expert determined that the claim should be apportioned be-

tween employers going back as far as claimant's time in the military and his work as a brake mechanic prior to becoming a boilermaker. The expert spoke, however, in terms of exposure only and, even then, he admitted that determining claimant's exposure to asbestos at each employer "is impossible." In light of the lack of objective proof in the record that claimant contracted pleural plaque while working for another employer, the Board's decision not to apportion the claim is supported by substantial evidence and will not be disturbed (*see Matter of Good v Town of Brutus*, 111 AD3d 1016, 1017-1018 [2013]; *Matter of Walton v Lin-Dot*, 85 AD3d at 1414). Moreover, inasmuch as "[t]he determination of the date of the contraction of the disease and of the date of disablement involved questions of fact" for the Board to resolve (*Matter of Lawton v Port of N.Y. Auth.*, 276 App Div 81, 87 [1949], *lv denied* 300 NY 761 [1950]), we conclude, under these circumstances, that the Board's decision to set the date of contraction and the date of disability as the same day is supported by substantial evidence. The carrier's remaining claims have been considered and found to be without merit.

McCarthy, J.P., Garry, Egan Jr. and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.