Matter of Candela v Skanska USA Bldg. Inc. (2022 NY Slip Op 07113)

Matter of Candela v Skanska USA Bldg. Inc.

2022 NY Slip Op 07113

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534516
[*1]In the Matter of the Claim of Rosario Candela, Respondent,
v
Skanska USA Building Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 17, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Jones Jones LLC, New York City (Lauren Camo of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed June 23, 2021, which ruled, among other things, that American Zurich Insurance was the liable workers' compensation carrier.
In 2020, claimant, a construction worker for 26 years, filed a claim for workers' compensation benefits alleging that he developed lung cancer due to asbestos and silica exposure at construction sites and that he stopped working due to the condition in July 2019. The employer controverted the claim. Following hearings and the submission of medical evidence and deposition testimony, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an occupational disease involving lung cancer with a date of disablement of October 10, 2019, which was the date of claimant's biopsy resulting in a diagnosis of lung cancer. Upon administrative appeal, the Workers' Compensation Board affirmed the establishment of the occupational disease claim but found that October 15, 2019 was the proper date of disablement, as that was the first date that it was definitely known that claimant had exposure-related cancer. The Board also found that, because the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) were on the risk on the date of disablement (October 15, 2019), they were liable for the claim. The carrier appeals.
We reverse. To ascertain the proper employer and/or carrier on the risk in an occupational disease case such as this, it must first be determined whether a claimant's disability derives from an occupational disease (see Workers' Compensation Law §§ 3 [2] [30]; 44) or from "[s]ilicosis or other dust diseases" (Workers' Compensation Law § 3 [2] [29]; see Workers' Compensation Law § 44-a). Where, as here, claimant's disability indisputably derives from an occupational disease, Workers' Compensation Law § 44 applies, and "[t]he total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted" (Workers' Compensation Law § 44). Thus, to determine responsibility for the payments of an award for an occupational disease, the Board "must determine (a) the nature of the disease, (b) what kind of work caused it when it was contracted, and (c) who the last employer was for whom the employee did that kind of work. That last employer [that last employed the employee in the field that ultimately caused the disabling condition] would be responsible for the payment to the claimant of the entire award of compensation," subject to that employer's request for apportionment (Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 44 at 504 [2015 ed]; see Workers' Compensation Law § 44; Matter of Mlodozeniec v Trio Asbestos Removal Corp., 66 AD3d 1174, 1175 [3d Dept 2009]; Matter of Cammarata v Caldwell & Cook Inc., 19 AD3d 884, 885 [3d Dept 2005]; compare [*2]Workers' Compensation Law § 44-a). "'Importantly, liability under this provision is premised upon employment at the time of or following the contraction of the compensable occupational disease, not upon the disablement that ensues'" (Matter of Gimber v Eastman Kodak Co., 181 AD3d 1123, 1124 [3d Dept 2020] [citations omitted], quoting Matter of Polifroni v Delhi Steel Corp., 46 AD3d 970, 971 [3d Dept 2007]; see Matter of Manocchio v ABB Combustion Eng'g, 150 AD3d 1343, 1344 [3d Dept 2017]).
Here, in determining that the carrier was on the risk for the claim, the Board premised its finding solely on the date of disablement, or October 15, 2019, instead of evidence concerning the timing of claimant's contraction of lung cancer and the "employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted" (Workers' Compensation Law § 44). This reasoning resulted in a misapplication of Workers' Compensation Law § 44. "Simply put, disability while employed by a previous employer is not a prerequisite to a finding that a claimant contracted an occupational disease while employed by that employer" (Matter of Polifroni v Delhi Steel Corp., 46 AD3d at 971 [citation omitted]). As such, we reverse and remit for a determination in the first instance of the proper employer and/or carrier on the risk utilizing the correct standard set forth in Workers' Compensation Law § 44 (see Matter of Commissioner of Taxation & Fin. v Nu-Art Adv. Co., 271 NY 112, 114-115 [1936]; Matter of Polifroni v Delhi Steel Corp., 46 AD3d at 971).
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.