■ In the Matter of the Claim of RICHARD BONNEAU, Respondent, v NEW YORK CITY DEPARTMENT OF SANITATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [650 NYS2d 427] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed December 1, 1994, as amended by decision filed December 12, 1995, which ruled, *inter alia*, that claimant timely filed a claim for asbestosis.

In December 1988, claimant, then retired from his position as a stationary firefighter for the New York City Department of Sanitation (hereinafter the employer), filed a claim for workers' compensation benefits describing the nature of his injury as "lung cancer" resulting from his exposure to asbestos at his workplace. It is undisputed that claimant had been diagnosed, and subsequently treated, for lung cancer in November 1986.

Following a February 14, 1990 physical examination conducted by Ira Gould, an internist and pulmonary specialist, in connection with claimant's lung cancer claim, it was discovered for the first time that claimant also suffered from, *inter alia*, pulmonary asbestosis. Notably, in a report dated July 17, 1990,

Gould opined that there was a clear causal relationship between claimant's former occupation as a stationary firefighter and his development of pulmonary asbestosis. At a July 18, 1990 hearing, claimant's counsel provided the Workers' Compensation Law Judge and the employer with Gould's report, indicating on the record that claimant was raising at that time an occupational disease claim for asbestosis. In response thereto, counsel for the employer raised various defenses and requested an opportunity to have claimant examined by its own consultant, which subsequently took place. By letter dated May 2, 1991, the employer's consultant opined that the results of claimant's chest CAT scan were consistent with the presence of asbestosis and there was a causal relationship between claimant's work and the disease. The Workers' Compensation Board found that claimant's claim for lung cancer was untimely, but reached a contrary result with respect to his claim for asbestosis.

The employer maintains that claimant's asbestosis claim is time barred pursuant to Workers' Compensation Law § 28, which requires that occupational disease claims be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment". Significantly, "the date of disablement is to be determined by the Board pursuant to Workers' Compensation Law § 42 and the Board has a degree of latitude in choosing such date, as long as its findings are based on substantial evidence" (*Matter of Winn v Hudson Val. Equine Ctr.*, 215 AD2d 920, 921).

Upon review of the record, we reject the employer's contentions that the Board erred in establishing February 14, 1990 as the date of disablement for claimant's asbestosis claim and that such claim is time barred; rather, we find that substantial evidence supports its determination (*see, e.g., Matter of Bishop v St. Joe Mins.*, 151 AD2d 917, 918, *lv denied* 75 NY2d 709). Given the medical evidence that the existence of this pulmonary disease, which is described on appeal as "notoriously slow-starting", was not discovered until February 14, 1990 and the absence of any proof that claimant knew or should have known of this ailment prior thereto (*cf., Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593),* we cannot say that the decision of the Board, which has broad authority to, *inter alia*,

---

* Notably, at an August 12, 1991 hearing, claimant testified that although he had learned of his lung cancer as of November 1986, he was not told at this time that he had asbestosis. Despite ample opportunity to explore the issue at this time, no further inquiry was made by the employer.

draw any reasonable inferences from the evidence submitted (*see, Matter of Hercules v United Artists Communications*, 176 AD2d 998, 999), is not supported by substantial evidence.

Finally, the employer argues that it was deprived of the right to develop a factual record relative to the asbestosis claim and the appropriate disablement date. We are unpersuaded. On notice as of July 18, 1990 that claimant had submitted this separate and distinct claim, we find that the employer had sufficient opportunity to develop a record on this issue.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.