■ In the Matter of the Claim of RUTH A. HASTINGS, Respondent, v FAIRPORT CENTRAL SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [710 NYS2d 455] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed May 28, 1999, which ruled that claimant's application for workers' compensation benefits was timely filed.

Soon after claimant started working for the employer as a school teacher in 1988, she began to experience respiratory problems and other related ailments which caused her to lose intermittent periods of time from work. In 1992, claimant

formed a suspicion that her respiratory problems were related to poor air quality in the building where she worked. When air quality tests ordered by the employer revealed the presence of air contaminants in claimant's building, a new ventilation system was installed and claimant's employment was transferred to another location. Nevertheless, claimant's respiratory difficulties continued and, following repeated absences from work, she ultimately tendered her resignation pursuant to a separation agreement with the employer in June 1994.

Claimant was diagnosed on June 20, 1995 with multiple chemical sensitivities causally related to her exposure to contaminants at work and subsequently filed an application for workers' compensation benefits on July 13, 1996. The employer and its workers' compensation insurance carrier controverted the claim arguing, *inter alia*, that claimant's application for benefits was time barred by the two-year limitations period imposed by Workers' Compensation Law § 28. Finding that claimant became disabled in June 1995 and knew or should have known that her condition was work related at that time, the Workers' Compensation Board ruled that claimant's application for benefits based upon an occupational disease was timely filed. This appeal ensued.

Workers' Compensation Law § 28 requires that a claim for an occupational disease be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (*see, Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593, 597; *Matter of Graniero v Northern Westchester Hosp.*, 265 AD2d 638, 639, *lv denied* 94 NY2d 759). Moreover, the Board has great latitude in choosing the date of disablement and its findings in that regard will not be disturbed if supported by substantial evidence (*see,* Workers' Compensation Law § 42; *Matter of Winn v Hudson Val. Equine Ctr.*, 215 AD2d 920, 921).

We reject the employer's contention that the Board erred in establishing June 1995 as both the date of disablement and the date upon which claimant knew or should have known that her condition was causally related to her employment. Although the record indicates that claimant received medical treatment for her respiratory ailments as early as 1992, in establishing the date of disablement the Board is not required to select the earliest date upon which medical treatment was rendered (*see, Matter of Bishop v St. Joe Mins.*, 151 AD2d 917, *lv denied* 75 NY2d 709). As the record reveals that the nature and degree of claimant's disability was uncertain until she was

diagnosed with multiple chemical sensitivities on June 20, 1995, we find that substantial evidence supports the Board's determination establishing the date of disablement as June 1995 (*see, Matter of Bonneau v New York City Dept. of Sanitation*, 233 AD2d 796). In addition, although claimant suspected that her respiratory ailments were work related in 1992, based upon our review of the record we cannot conclude that she knew or should have known of the causal relationship prior to June 20, 1995, when her physician definitively concluded that such a causal relationship existed (*see, Matter of Bongiorno v City of New York*, 250 AD2d 1001; *Matter of Gonzalez v Ozalid Corp.*, 235 AD2d 859). Accordingly, we find no basis to disturb the Board's decision that the claim was timely filed pursuant to Workers' Compensation Law § 28.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.