■ In the Matter of the Claim of SHAHNAZ AMINZADEH, Respondent, v HYOSUNG USA, Respondent, and AMERICAN HOME ASSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 683]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed August 28, 2008, which ruled that the date of claimant's disablement was June 8, 2007.

In 2005, claimant, a machine operator, cut her left hand while working, and a resulting workers' compensation claim was established for that injury and ensuing complications. While being treated for those conditions, there were indications that claimant also suffered from carpal tunnel syndrome in her left wrist. A separate claim was filed for the carpal tunnel syndrome, and a Workers' Compensation Law Judge ultimately established it as an unrelated occupational disease with a June 2007 date of disablement. Upon review, the Workers' Compensation Board affirmed, and the employer's workers' compensation carrier appeals.

The carrier questions the date of disablement set by the Board for claimant's carpal tunnel syndrome. Notably, "the Board has great latitude in choosing the date of disablement and its findings in that regard will not be disturbed if supported by substantial evidence" (*Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d 660, 661 [2000], *lv dismissed* 95 NY2d 926 [2000]; *see* Workers' Compensation Law § 42). Here, carpal tunnel syndrome was diagnosed in June 2007 following an objective test that her physicians viewed as the most reliable method of confirming and diagnosing the condition. Accordingly, the Board's selection of a June 2007 date of disablement is supported by substantial evidence, notwithstanding that claimant had symptoms of, and was treated for, carpal tunnel syndrome earlier (*see Matter of Lesch v Wile*, 289 AD2d 740 [2001]; *Matter of Hastings v Fairport Cent. School Dist.*, 274 AD2d at 661-662).

We have examined the carrier's remaining argument and find it to be without merit.

Cardona, P.J., Kane, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.