*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    520179
_____

In the Matter of the Claim of
    LLOYD BUNN,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

WEGMANS FOOD MARKETS, INC.,
                        Appellant.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  May 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Devine, JJ.


                    _____


        Nicosia Law PC, Rochester (Edward G. Nicosia of counsel),
for appellant.

        Zea Proukou, PLLC, Rochester (Daniel E. Zea of counsel),
for Lloyd Bunn, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.


                    _____


Garry, J.

        Appeal from a decision of the Workers' Compensation Board,
filed January 27, 2014, which ruled that claimant's application
for workers' compensation benefits was timely filed.

        Claimant, a mechanic who has worked for the self-insured
employer since October 2006, was diagnosed with bilateral carpal

tunnel syndrome in December 2009.  In August 2012, a doctor opined that claimant's bilateral carpal tunnel syndrome was causally related to his employment.  Relying upon that opinion, claimant applied for workers' compensation benefits in October 2012, alleging that he suffered from an occupational disease occasioned by the "repetitive use of tools."[1]  Following a hearing, a Workers' Compensation Law Judge found that the claim was time-barred pursuant to Workers' Compensation Law § 28, as claimant knew or should have known in December 2009 that his occupational disease was caused by his employment.  The Workers' Compensation Board ultimately disagreed, set the date of disablement as August 7, 2012 and established the claim, prompting this appeal.

We affirm.  Pursuant to Workers' Compensation Law § 28, a claim for compensation must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (accord Matter of Storm v Phillips Light. Co., 117 AD3d 1312, 1313 [2014]; Matter of Kasic v Bethlehem Steel Corp., 94 AD3d 1349, 1350 [2012]).  In setting the date of disablement, the Board is afforded great latitude and its determination will not be disturbed so long as it is supported by substantial evidence (see Matter of Storm v Phillips Light. Co., 117 AD3d at 1313; Matter of Feliciano v New York City Health & Hosps. Corp., 65 AD3d 784, 785 [2009]; Matter of Phillips v Cornell Univ., 290 AD2d 860, 862 [2002]).

Here, the record evidence establishes that claimant has a long-standing history of suffering from bilateral shoulder and arm pain and intermittent numbness in his hands.  Beginning in 2002, claimant's primary care physician suspected that he may suffer from carpal tunnel syndrome.  According to claimant's

_____

[1]  We note that the record also contains a previous application filed by claimant in August 2012; however, the Workers' Compensation Law Judge and the Workers' Compensation Board only dealt with the claim filed in October 2012 and, thus, that is the relevant claim for purposes of this appeal.

medical records, his symptoms began to intensify in December 2009, and an EMG test conducted that month revealed a diagnosis of bilateral carpal tunnel syndrome.  Notwithstanding this diagnosis, it was not until claimant was seen by a doctor from an occupational health practice on August 7, 2012 that the causal relationship between claimant's diagnosis and his employment was first brought to light.  Based upon this evidence and mindful of the broad latitude afforded to the Board, we find substantial evidence supports the Board's determination that August 7, 2012 is the date of claimant's disablement, as it was not until that time that he knew or should have know that his occupational disease was due to the nature of his employment; thus, his application was timely filed (see Workers' Compensation Law § 42; Matter of Storm v Phillips Light. Co., 117 AD3d at 1313; Matter of Phillips v Cornell Univ., 290 AD2d at 862; Matter of Hastings v Fairport Cent. School Dist., 274 AD2d 660, 661-662 [2000], lv dismissed 95 NY2d 926 [2000]).

Peters, P.J., Lahtinen and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court