■ In the Matter of the Claim of Scott Mickelson, Respondent, v Value Construction et al., Appellants. Workers' Compensation Board, Respondent. [55 NYS3d 524]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed February 18, 2016, which ruled that claimant's application for workers' compensation benefits was timely filed.

Claimant, a carpenter who began working for the employer in 1992, applied for workers' compensation benefits in April 2013, alleging that he suffered work-related injuries to his left wrist. Following a hearing, a Workers' Compensation Law Judge determined that the claim was time-barred pursuant to Workers' Compensation Law § 28, finding that claimant knew or should have known in July 2008 that his condition was caused by his employment and the Workers' Compensation Board affirmed. The Board subsequently rescinded that decision on full Board review, established the claim and set the date of disablement as May 6, 2013. The employer and its workers' compensation carrier now appeal.

"A claim for workers' compensation benefits due to an occupational disease must be filed 'within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment'" (*Matter of Mott v ITT Indus.*, 66 AD3d 1216, 1216 [2009], quoting Workers' Compensation Law § 28 [citation omitted]; *see Matter of Storm v Phillips Light. Co.*, 117 AD3d 1312, 1313 [2014]). The record reflects that, in 2008, claimant began feeling pain in the joint of his left wrist, as well as symptoms of carpal tunnel syndrome in the left wrist. He underwent left carpal tunnel release surgery in 2009, which relieved the symptoms related to that syndrome, but the pain in the joint area continued and worsened over time. Claimant did not seek treatment for the wrist pain following the 2009 surgery until 2013, and there is nothing in the record to indicate that he lost any time from work due to the pain. In May 2013, claimant

was examined by orthopedic surgeon Richard Miller, who diagnosed claimant as suffering from a work-related ligament injury and related arthritis, and he recommended surgery. The Board set the date of disablement as May 6, 2013, which corresponds to the date that claimant's condition was diagnosed. In our view, although claimant was symptomatic in 2008 and thought that the pain was work-related, the record does not establish that he actually knew or should have known that it was due to the nature of his employment until his condition was diagnosed. Given the great latitude afforded the Board in setting the date of disablement, its decision to set the date of disablement in May 2013 is supported by substantial evidence and will not be disturbed (*see Matter of Bunn v Wegmans Food Mkts., Inc.*, 130 AD3d 1133, 1134 [2015]; *Matter of Storm v Phillips Light. Co.*, 117 AD3d at 1313).

We note, however, that an issue as to whether claimant's left wrist injury was consequentially related to a 2003 injury to his right wrist was previously raised before the Board. In the decision that was ultimately rescinded by the Board, the Board found that it need not reach the issue in light of its then finding that the claim was untimely. Although the Board reversed the prior decision and found the claim to be timely, it failed to address the issue of a consequential injury. Accordingly, this matter must be remitted in order for the Board to address that issue.

Garry, J.P., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the decision is modified, without costs, by remitting the matter to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.