Matter of Sanchez v New York City Tr. Auth. (2020 NY Slip Op 05270)





Matter of Sanchez v New York City Tr. Auth.


2020 NY Slip Op 05270


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530358

[*1]In the Matter of the Claim of Brenda Sanchez, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Geoffrey Schotter, New York City, for appellant.
Jones Jones, LLC, New York City (David S. Secemski of counsel), for New York City Transit Authority, respondent.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed May 7, 2019, which ruled that claimant's application for workers' compensation benefits was time-barred.
In June 2016, claimant applied for workers' compensation benefits, citing repetitive stress injuries to her neck, back, left shoulder, left hip and left hand incurred while at work. The Workers' Compensation Board ultimately set claimant's date of disablement as February 15, 2013 and, finding that claimant knew or should have known that her condition was causally related to her employment at that time, disallowed the claim as time-barred. Claimant appeals.
"A claim for workers' compensation due to disablement caused by any occupational disease must be filed 'within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment'" (Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908-909 [2018], quoting Workers' Compensation Law § 28; see Matter of Jex v Albion Correctional Facility, 4 AD3d 574, 575 [2004]). In finding that the claim was untimely, the Board relied on the February 15, 2013 progress notes of claimant's pain specialist. In the notes, the pain specialist noted that claimant's back pain was better with rest and medication, while lifting, bending and carrying heavy weight made it "worse." At no point does the pain specialist find a causal relationship between repetitive stress and claimant's condition. The Board further relied on claimant stating in her 2016 application for workers' compensation benefits that she developed pain due to repetitive movements such as lifting, bending, standing and walking at work as support for its finding that claimant should have known in 2013 that her condition was work related. The application was only made, however, after claimant stopped working and a physician found a causal relationship between her pain and her job duties in 2016. Inasmuch as the medical evidence cited by the Board did not draw a causal link between claimant's injuries and her employment until 2016, the Board's conclusion that she "knew or should have known" of that link in 2013 is not supported by substantial evidence (Matter of Bongiorno v City of New York, 250 AD2d 1001, 1002 [1998]; see Workers' Compensation Law § 28; Matter of Kasic v Bethlehem Steel Corp., 94 AD3d 1349, 1350 [2012]; compare Matter of Bunn v Wegmans Food Mkts., Inc., 130 AD3d 1133, 1134 [2015]). Thus, the matter must be remitted for further proceedings.
Egan Jr., J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.