Matter of Chrostowski v Pinnacle Envtl. Corp. (2021 NY Slip Op 01111)





Matter of Chrostowski v Pinnacle Envtl. Corp.


2021 NY Slip Op 01111


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

531438

[*1]In the Matter of the Claim of Miroslaw Chrostowski, Appellant,
v
Pinnacle Environmental Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Geoffrey Schotter, New York City, for appellant.
Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for Pinnacle Environmental Corporation and others, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed November 29, 2019, which ruled, among other things, that claimant's application for workers' compensation benefits was time-barred.
On January 31, 2018, claimant, an asbestos handler, filed a claim for workers' compensation benefits, which, as subsequently amended,[FN1] alleged repetitive stress injuries to his left shoulder, both wrists and both knees. Claimant ceased working as a result of a subsequent accident — for which an additional workers' compensation claim was filed. The Workers' Compensation Board set claimant's date of disablement as March 17, 2009 and, finding that claimant knew or should have known on that date that his condition was causally related to his employment, disallowed the claim as time-barred. Claimant appeals.
A claim for workers' compensation benefits due to injuries caused by an occupational disease must be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28; see Matter of Sanchez v New York City Tr. Auth., 187 AD3d 1273, 1273 [2020]; Matter of Patterson v Long Is. Jewish Med. Ctr., 296 AD2d 774, 775 [2002]; Matter of Hastings v Fairport Cent. School Dist., 274 AD2d 660, 661 [2000], lv dismissed 95 NY2d 926 [2000]). The Board determines the date of disablement (see Workers' Compensation Law § 42) and "has a degree of latitude in choosing such date, as long as its findings are based on substantial evidence" (Matter of Bonneau v New York City Dept. of Sanitation, 233 AD2d 796, 797 [1996] [internal quotation marks and citation omitted]; see Matter of Hastings v Fairport Cent. School Dist., 274 AD2d at 661).
In determining the date of disablement in the instant claim, the Board reviewed claimant's medical records and relied upon a March 17, 2009 report of Laura Bienenfeld, a physician treating claimant for his respiratory issues related to his work at the World Trade Center (hereinafter WTC) site — for which claimant filed a separate workers' compensation claim in 2016.[FN2] Noted in the March 17, 2009 report was information that claimant's back and neck pain had progressed since his work at the WTC site and that another physician, Charles Kim, who was treating claimant for those conditions several years ago, advised claimant of the potential of developing paresthesia in his hands. In the March 17, 2009 report, which reflects a positive Tinsel's test at both wrists producing diffuse paresthesia in both hands, Bienenfeld diagnosed claimant with bilateral hand numbness and weakness and noted that the condition is related to claimant's prior physical activity at the WTC site and is work related. Further testing, however, was recommended to determine if the condition was caused by cervical radiculopathy.
Although a positive Tinsel test was noted in the March 17, 2009 report, the diagnosis of carpal tunnel syndrome is noted [*2]in subsequent medical records. Further, the voluminous medical records do not indicate etiology of the carpel tunnel diagnosis. In addition, there is no mention of claimant's shoulder or knee injuries in the March 17, 2009 report. Although there are diagnoses and general references to claimed sites of injury — specifically the left shoulder, knees and wrists — in subsequent medical records, there is no medical finding that these injuries were causally related to his work activities until Bienenfeld's January 2018 report. To the extent that the Board indicates that claimant told Ismail Nabeel, one of claimant's treating physicians, that his problems began when working on the WTC site, such statement is attributable to claimant's low back pain and sciatica, which are not at issue in the instant claim. Based upon our review of the record, we find that substantial evidence does not support the Board's determination setting the date of disablement as March 17, 2009, as the medical report relied upon does not address or reflect information pertaining to all of the alleged sites of injuries in the instant claim and, therefore, is insufficient, on its own, to support a date of disablement (see generally Matter of Bunn v Wegmans Food Mkts., Inc., 130 AD3d 1133, 1134 [2015]; Matter of Hastings v Fairport Cent. School Dist., 274 AD2d at 661; Matter of Bonneau v New York City Dept. of Sanitation, 233 AD2d at 797). As such, the matter must be remitted to the Board for further proceedings.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: In amending the initial claim, claimant withdrew any claim to the back and neck, but included a claim for a left shoulder injury.

Footnote 2: It should be noted that claimant's medical records primarily pertain to his medical treatment in connection with his respiratory illnesses resulting from his clean-up work at the WTC site.