Matter of Osorio v Tvi Inc. (2021 NY Slip Op 02210)





Matter of Osorio v Tvi Inc.


2021 NY Slip Op 02210


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

531355
[*1]In the Matter of the Claim of Argenis Osorio, Claimant,
v
Tvi Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Morrison Mahoney LLP, New York City (David H. Allweiss of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 31, 2019, which ruled that claimant sustained a causally-related occupational disease and set a date of disablement, and (2) from a decision of said Board, filed January 7, 2020, which denied a request by the employer and its workers' compensation carrier for reconsideration and/or full Board review.
Claimant, a pricing clerk for a retail store, filed a claim for workers' compensation benefits in April 2015 alleging that she had sustained injuries to her neck, back and both arms as the result of years of pricing, lifting, sorting and pushing clothes on racks for the employer. The C-3 form completed by claimant indicated that the date of the onset of her symptoms was to be established. In May 2015, an orthopedic surgeon diagnosed claimant with cervical derangement, bilateral shoulder impingement and tendonitis and indicated that her onset of symptoms occurred on May 21, 2015 (the date of the examination). A Workers' Compensation Law Judge found prima facie evidence for repetitive injuries to claimant's neck and shoulders, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) asserted various defenses, including that, based upon claimant's representations that she first experienced pain in her neck in 2012, the underlying claim was time-barred and claimant failed to give the employer timely notice of her occupational disease.
Following claimant's testimony and the depositions of certain medical providers/evaluators, as well as various interim rulings and additional proceedings, a Workers' Compensation Law Judge found that claimant had sustained an occupational disease involving her cervical spine and both shoulders and set the date of disablement as May 21, 2015. Upon administrative review, the Workers' Compensation Board affirmed. The carrier's application for reconsideration and/or full Board review was denied, prompting these appeals.
We affirm. "A claim for workers' compensation benefits due to a disability caused by an occupational disease must be filed within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Matter of Walczak v Asplundh Tree Expert Co., 188 AD3d 1524, 1524 [2020] [internal quotation marks and citation omitted]; see Workers' Compensation Law § 28; Matter of Czachurski v PAL Envtl., 189 AD3d 1866, 1867 [2020]).[FN1] "[T]he Board is afforded great latitude" in setting the date of disablement, and its resulting determination, if supported by substantial evidence, will not be disturbed (Matter of Bunn v Wegmans Food Mkts., Inc., 130 AD3d 1133, 1134 [2015]; see Matter of Storm v Phillips Light. Co., 117 AD3d 1312, 1313 [2014]). As this Court recently observed, the date of disablement "may acceptably reflect 'the first date of causally[-]related treatment, the date on which the claimant first received a [*2]diagnosis indicating that the condition was work related, the date on which the claimant began to lose time from work due to the work-related disability, the date on which the claimant was advised by a physician to stop working due to the work-related disability, and the date on which the claimant actually stopped working because of that disability'" (Matter of Lewandowski v Safeway Envtl. Corp., 190 AD3d 1072, 1077 [2021], quoting Employer: Pumping Sols. Inc., 2015 WL 5026401, *3-5, 2015 NY Wrk Comp LEXIS 8695, *9-13 [WCB No. G076 9490, Aug. 13, 2015]). Notably, "the Board is not bound to select the earliest possible date of disablement nor is it required to give preference to certain events over others" (Matter of Leary v NYC Bd. of Educ., 42 AD3d 712, 714 [2007] [internal quotation marks and citation omitted]; see Matter of Hastings v Fairport Cent. School Dist., 274 AD2d 660, 661 [2000], lv dismissed 95 NY2d 926 [2000]).
Here, the record reflects that claimant complained of intermittent pain in her neck, back and/or shoulders in 2012 and 2014 and underwent a course of physical therapy, and claimant testified that she was told by her treating physician in 2012 that her neck pain could possibly be related to her work. That said, it does not appear that claimant lost time from work as a result of such pain, and it was not until May 21, 2015 that a physician first opined that claimant's condition was causally related to her employment. Accordingly, although claimant was symptomatic prior to that date and may have suspected that her condition was related to her employment, the record does not establish that claimant actually knew or should have known that her occupational disease was due to the nature of her employment prior to such diagnosis and her physician's opinion as to causal relationship in 2015. Under these circumstances, and given the Board's wide latitude in setting the date of disablement, its decision in this regard — as well as its corresponding determination as to the timeliness of both claimant's notice to the employer and the underlying claim (see Workers' Compensation Law §§ 28, 45; Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 909 [2018]) — is supported by substantial evidence and will not be disturbed (see Matter of Mickelson v Value Constr., 150 AD3d 1608, 1609 [2017]; Matter of Bunn v Wegmans Food Mkts., Inc., 130 AD3d at 1134; Matter of Aminzadeh v Hyosung USA, 67 AD3d 1245, 1245 [2009]; Matter of Hastings v Fairport Cent. School Dist., 274 AD2d at 661-662).
Nor are we persuaded that the Board erred in denying the carrier's application for reconsideration and/or full Board review. "To succeed on an application for reconsideration and/or full Board review, [the applicant] must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" ([*3]Matter of McCormick v Terryville Fire Dist., 189 AD3d 1868, 1869 [2020] [internal quotation marks and citations omitted]; see Matter of Downer v New York City Dept. of Corr., 189 AD3d 1855, 1857 [2020]). The carrier does not allege either a material change in condition or the existence of newly discovered evidence. Further, and as noted previously, the Board acknowledged and rejected the assertion that claimant failed to provide timely notice of her occupational disease as required by Workers' Compensation Law § 45, and our review of the record confirms that the Board otherwise fully considered the carrier's arguments relative to the appropriate date of disablement. Accordingly, the application for reconsideration and/or full Board review was properly denied.
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: The carrier argues that the Board failed to address the applicability of Workers' Compensation Law § 45, which similarly requires that notice of an occupational disease be provided to the employer "within two years after the disablement or after the claimant knew or should have known that the disease is due to the nature of the employment, whichever is the later date." However, the record reflects that the Board did consider the impact of this provision in reaching its decision.