Matter of Kretunski v Citywide Envtl. Servs. (2022 NY Slip Op 01221)





Matter of Kretunski v Citywide Envtl. Servs.


2022 NY Slip Op 01221


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

533065
[*1]In the Matter of the Claim of Marian Kretunski, Appellant,
v
Citywide Environmental Services et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Citywide Environmental Services and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed August 20, 2020, which ruled, among other things, that claimant's claim was untimely under Workers' Compensation Law § 28.
On July 18, 2019, claimant, an asbestos handler for approximately 20 years, filed a claim for workers' compensation benefits, claiming various repetitive stress injuries. Prima facie medical evidence was found for injuries to claimant's back, right knee and both shoulders and wrists. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) set the date of disablement as June 27, 2017 and, finding that claimant knew or should have known on that date — which is when he first sought medical treatment — that his condition was causally related to his employment, disallowed the claim. In addition, the WCLJ noted that, in any event, claimant did not sufficiently demonstrate that his current condition stems from a distinctive feature of his job. The Workers' Compensation Board, among other things, adopted the findings of fact and opinion of the WCLJ that the date of disablement was June 27, 2017 and affirmed the WCLJ's decision disallowing the claim as untimely. Claimant appeals.
"A claim for workers' compensation benefits due to injuries caused by an occupational disease must be filed within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Matter of Chrostowski v Pinnacle Envtl. Corp., 191 AD3d 1140, 1140 [2021] [internal quotation marks and citations omitted]; see Matter of Rho v Beth Israel Med., 194 AD3d 1324, 1325 [2021], lv denied 37 NY3d 912 [2021]; Matter of Osorio v TVI Inc., 193 AD3d 1219, 1220 [2021]; see also Workers' Compensation Law § 28). It is well settled that "the Board ordinarily has great latitude in setting a date of disablement, which date may acceptably reflect the first date of causally related treatment, the date on which the claimant first received a diagnosis indicating that the condition was work related, the date on which the claimant began to lose time from work due to the work-related disability, the date on which the claimant was advised by a physician to stop working due to the work-related disability, and the date on which the claimant actually stopped working because of that disability" (Matter of Lewandowski v Safeway Envtl. Corp., 190 AD3d 1072, 1076-1077 [2021] [internal quotation marks and citations omitted]; see Matter of Osorio v TVI Inc., 193 AD3d at 1221; see also Workers' Compensation Law § 42). To that end, if the Board's decision is supported by substantial evidence, it will not be disturbed (see Matter of Osorio v TVI Inc., 193 AD3d at 1220; Matter of Bunn v Wegmans Food Mkts., Inc., 130 AD3d 1133, 1134 [2015]).
We are unpersuaded by claimant's contentions that where, as here, the Board selects a date of disablement that renders the claim untimely, it is acting contrary to the spirit and intent of the Workers' [*2]Compensation Law and, further, that there must be a definitive conclusion of causal relationship from a doctor before the Board determines whether a claim is untimely under Workers' Compensation Law § 28. We do find, however, that substantial evidence does not support the Board's determination setting the date of disablement as June 27, 2017.
Claimant first sought medical treatment for his physical difficulties in June 2017 when he consulted a pain specialist, but testified that he had been aware of his condition five or six years before stopping work in June 2019. The medical records from that initial medical treatment reflect that an MRI was ordered and the resulting MRI report dated June 29, 2018 disclosed disc herniation, radiculopathy and bulging in claimant's lower back. Claimant testified about the repetitive and strenuous nature of his job, which, according to claimant, included unloading and carrying heavy material from trucks, operating tools that shook, vibrated and caused him to lose sensation in his hands, some of which weighed 50 pounds, and moving 50- to 70-pound debris bags. The employer, however, offered contradictory testimony, noting that the heaviest tool that claimant operated was approximately eight pounds and the bags of debris weighed only 10 to 15 pounds. In connection with his medical treatment for his back, claimant testified that he did not discuss his job duties with the pain specialist, which testimony the Board found not credible. Nevertheless, the pain specialist testified that he did not make any determination with regard to the cause of the back pain nor is there any reference or notation in the medical records in regard to claimant's job duties or cause of claimant's back injury.
With respect to claimant's other injuries in his shoulders, wrists and knees, the medical records reflect that, at the time of the initial treatment, although claimant complained of joint pain in those areas, the pain specialist only treated claimant for his back. Significantly, the medical records note no loss of range of motion, swelling or other indication of injuries in those extremities until X rays of those areas were taken in 2019. Further, there is no indication that claimant ever lost time from work due to any pain prior to June 2019. As the testimony and initial medical treatment records relied on by the Board did not reflect information as to all sites of injury and did not draw any causal link between claimant's injuries and his employment, the Board's conclusion that claimant knew or should have known at the time of the initial medical treatment on June 27, 2017 that his injuries were causally related to his employment is not supported by substantial evidence (see Matter of Chrostowski v Pinnacle Envtl. Corp., 191 AD3d at 1141; Matter of Sanchez v New York City Tr. Auth., 187 AD3d 1273, 1273-1274 [2020]). Furthermore, we do not reach the alternative grounds found by the WCLJ in denying the claim, specifically that [*3]claimant did not sufficiently demonstrate that his current condition stems from a distinctive feature of his job, as the Board's decision does not reflect that it considered such issue despite being raised by claimant on administrative appeal.
Egan Jr., J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.