Matter of Delaney v John P. Picone, Inc. (2023 NY Slip Op 01934)

Matter of Delaney v John P. Picone, Inc.

2023 NY Slip Op 01934

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

535366
[*1]In the Matter of the Claim of Glen Delaney, Claimant,
v
John P. Picone, Inc., et al., Appellants, et al., Respondents, and Jett Industries Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Lois Law Firm, LLC, New York City (Addison O'Donnell of counsel), for appellants.
Cipriani & Werner, PC, Binghamton (Brandon W. Sawyer of counsel), for Jett Industries Inc. and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed November 12, 2021, which ruled, among other things, that Starr Indemnity & Liability Company was the carrier liable for claimant's workers' compensation claim.
Claimant, a union construction laborer for over 30 years, filed a claim for workers' compensation benefits on January 23, 2019 asserting that he sustained bilateral injuries to his arms and hands as a result of a work-related occupational disease. Claimant listed John P. Picone, Inc. (hereinafter Picone) as his employer, and Picone and its workers' compensation carrier, Starr Indemnity & Liability Company, were put on notice. Claimant first sought treatment from an orthopedic surgeon on December 19, 2018, who diagnosed him with neuropathy, osteoarthritis and bilateral carpel tunnel syndrome, caused by repetitively grasping tools, carrying heavy items and using vibratory equipment and power tools. An orthopedic evaluation and testing in January 2019 produced the same diagnoses, in addition to right cubital tunnel syndrome, noting that claimant had reported bilateral numbness over the previous two years. Starr Indemnity and Picone raised numerous defenses, including that Liberty Mutual Insurance Company, which also insured Picone, was the proper carrier. Liberty Mutual was then put on notice. Following a hearing at which claimant denied prior injuries to his hand and wrists, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence and scheduled another hearing for July 15, 2019; Starr Indemnity and Picone were given until said date to produce an independent medical examination (hereinafter IME) report. An orthopedist who prepared a July 2019 IME report, at Liberty Mutual's behest, concurred with the treating physician's diagnoses and conclusions.
Claimant failed to appear at the July 2019 hearing and the claim was marked as no further action. However, the claim was later reopened. By then, claimant had stopped working for Picone and had instead begun working for Jett Industries Inc. As a result, the WCLJ put Jett's carriers — Liberty Mutual and Old Republic Insurance Company — on notice, and both carriers denied the claim. At a hearing on January 14, 2021, the WCLJ noted that Liberty Mutual's IME report had found a causal relationship and directed Starr Indemnity and Old Republic to produce IME reports by February 10, 2021, if they intended to do so. The WCLJ further directed that cross-examination of all physicians be completed by March 15, 2021 — the date of the next hearing.
At that next hearing, the WCLJ precluded cross-examination of the physicians, as none of the carriers had attempted to do so before the hearing date.[FN1] Claimant testified that he worked as a demolition and heavy concrete laborer for Picone for four years, concluding around April 2019. In August 2019, claimant began working for Jett, doing similar heavy work, and he was laid off on October 11, 2019. Claimant then underwent [*2]left wrist surgery on October 22, 2019. He again worked for Jett from January 27, 2020 until March 18, 2020, when he ceased working due to the COVID-19 pandemic. The WCLJ found that claimant had a causally-related occupational disease and established the case for bilateral carpal tunnel syndrome and right cubital tunnel syndrome. The WCLJ set December 19, 2018 — when claimant was first diagnosed with an occupational disease — as the date of disablement. Because claimant was employed with Picone at that time, the WCLJ found that Picone was the liable employer, and that Starr Indemnity's wrap-up policy for Picone's transit project covered the claim. Upon Picone and Starr Indemnity's administrative appeal, the Workers' Compensation Board affirmed. Picone and Starr Indemnity appeal.
Initially, it is uncontroverted that claimant sustained a causally-related occupational disease (see Workers' Compensation Law § 2 [15]), which is treated as an accident for purposes of workers' compensation liability (see Workers' Compensation Law §§ 3 [2] [30]; 38). "Where, as here, claimant's disability indisputably derives from an occupational disease, Workers' Compensation Law § 44 applies" (Matter of Candela v Skanska USA Bldg. Inc., 211 AD3d 1273, 1274 [3d Dept 2022]). Starr Indemnity and Picone argue that, upon establishment of the claim for an occupational disease, the Board should have selected the date of claimant's wrist surgery as the date of disablement. However, we have long held that the Board is not "required to give preference to certain events over others" when selecting a date of disablement (Matter of Osorio v TVI Inc., 193 AD3d 1219, 1221 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Bishop v St. Joe Minerals, 151 AD2d 917, 919 [3d Dept 1989], lv denied 75 NY2d 709 [1990]). Rather, "if the Board's decision is supported by substantial evidence, it will not be disturbed" (Matter of Kretunski v Citywide Envtl. Servs., 202 AD3d 1423, 1424 [3d Dept 2022]; see Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 909 [3d Dept 2018]). Here, the Board's date selection "reflect[s] the first date of causally[-]related treatment[ and] the date on which . . . claimant first received a diagnosis indicating that the condition was work related," events which we have previously specified are acceptable choices for the date of disablement (Matter of Lewandowski v Safeway Envtl. Corp., 190 AD3d 1072, 1077 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Osorio v TVI Inc., 193 AD3d at 1221; see Workers' Compensation Law § 42). Accordingly, while other dates may have been appropriate, we discern no reason to disturb the Board's selection of December 19, 2018 as the date of disablement (see Matter of Osorio v TVI Inc., 193 AD3d at 1221-1222; compare Matter of Kretunski v Citywide Envtl. Servs., 202 AD3d at 1424-1425; Matter of Lewandowski v Safeway Envtl. Corp., 190 AD3d at 1077).
Starr Indemnity and Picone [*3]argue that, regardless of the date of disablement, Workers' Compensation Law § 44 requires that Jett be made the liable employer, and that Jett may then seek apportionment among claimant's prior employers. Indeed, Workers' Compensation Law § 44 requires that "[t]he total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted." If an occupational disease was contracted during a claimant's employment with a prior employer, the last employer may seek "apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due" (Workers' Compensation Law § 44). However, contrary to Starr Indemnity and Picone's argument, we cannot read this statute in isolation; rather, we must interpret Workers' Compensation Law § 44 and, if possible, harmonize it in a way that renders it compatible with the broader statutory scheme (see McKinney's Cons Laws of NY, Book 1, Statutes §§ 92, 97, 98; Matter of Covert v Niagara County, 172 AD3d 1686, 1688 [3d Dept 2019]). With this in mind, we must first determine the effect of setting a date of disablement.
Importantly, liability under Workers' Compensation Law § 44 is premised "upon employment at the time of or following the contraction of the compensable occupational disease, not upon the disablement that ensues" (Matter of Gimber v Eastman Kodak Co., 181 AD3d 1123, 1124 [3d Dept 2020] [internal quotation marks and citation omitted]; see Workers' Compensation Law § 44; Matter of Candela v Skanska USA Bldg. Inc., 211 AD3d at 1275; see also Matter of Commissioner of Taxation & Fin. v Nu-Art Adv. Co., 271 NY 112, 115 [1936]). The date of disablement serves as a statute of limitations, and a claimant alleging an occupational disease must file "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (Workers' Compensation Law § 28; see Matter of Chrostowski v Pinnacle Envtl. Corp., 191 AD3d 1140, 1140 [3d Dept 2021]; Matter of Patterson v Long Is. Jewish Med. Ctr., 296 AD2d 774, 775 [3d Dept 2002]). Generally, a statute of limitations operates to require that a claim or action is commenced within a specified period of time after the claim or action has accrued (see CPLR 203 [a]; see e.g. Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1073 [3d Dept 2017], lv dismissed 33 NY3d 1128 [2019]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 103 [3d Dept 2017]; Serio v Rhulen, 24 AD3d 1092, 1095 [3d Dept 2005]). It follows, then, that the date of disablement marks the date on which the workers' compensation claim must have accrued. As such, the conduct which gives rise to such claim precedes the selected date of disablement.
Considering the date of disablement as a statute of [*4]limitations (see Workers' Compensation Law § 28), we cannot adopt Starr Indemnity and Picone's view that the last employer in time, regardless of the date of disablement, must be liable. Rather, we must read Workers' Compensation Law § 44 in harmony with the events which give rise to liability (i.e., the contraction of an occupational disease) and which put a claimant on notice that the clock is running to file a claim (i.e., the date of disablement) (see Matter of Polifroni v Delhi Steel Corp., 46 AD3d 970, 972 [3d Dept 2007]). As such, we read Workers' Compensation Law § 44 to require recovery of compensation from the last employer which, on or preceding the date of disablement, employed the claimant "in the employment to the nature of which the disease was due and in which it was contracted" (Workers' Compensation Law § 44; cf. Matter of Ward v General Utils., 100 AD3d 1113, 1113 [3d Dept 2012]). That employer may then seek apportionment from all prior employers dating back to the claimant's contraction of the compensable occupational disease (see e.g. Matter of Manocchio v ABB Combustion Eng'g, 150 AD3d 1343, 1344-1345 [3d Dept 2017]; Matter of Polifroni v Delhi Steel Corp., 46 AD3d at 971-972). Such interpretation synthesizes with the established precedent that "the carrier on the risk on the date of disablement where occupational disease is found is responsible for payment of the award" (Matter of Pisarski v Accurate Plumbing & Heating Co., 191 AD3d 1074, 1075 [3d Dept 2021] [internal quotation marks, brackets and citation omitted]; see Matter of Mlodozeniec v Trio Asbestos Removal Corp., 66 AD3d 1174, 1175 [3d Dept 2009]).
Here, after establishing the date of disablement as December 19, 2018, the Board found Picone, as claimant's employer on that date, liable. Further, the Board found that Starr Indemnity, whose wrap-up policy covered the project on which claimant was working at the time, was the liable carrier. Having reviewed the record, and considering the date of disablement, we find no basis upon which to disturb the Board's determination. Finally, we discern no error or abuse of discretion in the Board's determination that Picone and Starr Indemnity waived their right to cross-examine the treating and IME physicians by failing to timely exercise the right to do so by the deadline set by the WCLJ (see Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [3d Dept 2016]; Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 611 [3d Dept 2002]; 12 NYCRR 300.10 [c]). Picone and Starr Indemnity's remaining contentions, to the extent that they are preserved but not expressly addressed herein, have been reviewed and do not warrant further relief.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The WCLJ also precluded a February 25, 2021 IME report produced by Old Republic because the IME was conducted after the deadline.